IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SARI ABOU AMRA, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 25-3222-JWL |
| ) | |
| SAM OLSON, Field Director, ) | |
| Immigration and Customs Enforcement; and ) | |
| JACOB WELSH, Sheriff, Chase County, ) | |
| ) | |
| Respondents. ) | |
| ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

Petitioner filed, through counsel, a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner, who was born in Libya, later lived in Qatar, and is of Palestinian descent, is presently stateless. He entered the United States in 2000, but he was placed in immigration proceedings after he overstayed his authorization to be in this country. In November 2002, an immigration judge denied a request for relief for petitioner and his family, granted petitioner voluntary departure, and issued an order of removal to take effect if petitioner did not depart by the imposed deadline. Petitioner did not depart, however. By 2004, petitioner's appeals had been denied, and in 2005 petitioner was placed under an order of supervision. On June 4, 2025, petitioner was taken into custody by immigration officials, and his supervised release was revoked. Petitioner is presently in custody within

this judicial district.[1]  On October 14, 2025, petitioner filed the instant petition. Respondents have filed an answer, petitioner has filed a traverse (though counsel), and the matter is therefore ripe for ruling.[2]

Petitioner claims that his continued detention by immigration authorities is improper.  To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S. C. § 2241(c)(3).  This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal.  *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

In his petition filed by counsel, petitioner claims that his continued detention violates due process and the Immigration and Nationality Act (INA), although he does so in a fairly conclusory manner without citing specific bases for the claims or even applicable authority.  In his reply, petitioner appears to assert a claim solely under the Supreme Court's opinion in *Zadvydas v. Davis*, 533 U.S. 678 (2001).   In *Zadvydas*, the Supreme Court noted that an alien must be detained during the initial 90-day removal period and that the Government may continue to detain an alien after that period or release the alien under supervision.  *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)).  The Court held,

---

[1] Although petitioner' counsel has decried a lack of access to documents concerning petitioner's removal proceedings and detention, counsel has not disputed these facts, and the Court finds respondents' evidence of these facts to be credible.

[2] Respondents have also submitted evidence that in August 2025 petitioner filed a motion with the Bureau of Immigration Appeals to reopen his case, which motion remained pending as of November 10, 2025.  Respondents have not argued, however, that that motion provides a basis for denying the petition.

however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *See id.* at 699. The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. . . .
>
> We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters. But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

*See id.* at 699-700 (citations omitted). The Supreme Court then established a presumptively reasonable detention period of six months in which to accomplish removal, after which the reasonableness of an alien's detention should be determined as follows:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*See id.* at 701; *see also, e.g.*, *Anyimu v. Department of Homeland Security*, 2017 WL 193180, at *2-3 (D. Kan. Jan. 18, 2017) (Lungstrum, J.) (applying this framework); *Kaliku v. United States Immigration and Customs Enforcement*, 2024 WL 4854523, at *2-3 (D. Kan. Nov. 21, 2024) (Lungstrum, J.) (same); *Vargas v. Noem*, 2025 WL 2770679, at *2-3 (D. Kan. Sept. 29, 2025) (Lungstrum, J.) (same).

Petitioner does not dispute that his removal period for these purposes began on June 4, 2025, when petitioner was taken into custody. *See Abedi v. Carter*, 2025 WL 3209009, at *1 (D. Kan. Oct. 6, 2025) (Lungstrum, J.) (rejecting argument that the applicable removal period expired years before the petitioner's re-detention). Thus, petitioner has been detained only slightly longer than the six-month period deemed presumptively reasonable in *Zadvydas*. In addition, respondents have submitted evidence that petitioner failed to cooperate with immigration officials by refusing to answer questions and to complete travel document applications to facilitate his possible removal to particular countries. Thus, the statutory removal period during which petitioner may be detained has been extended, *see* 8 U.S.C. § 1231(a)(1)(C), which in turn means that petitioner's detention has not exceeded the presumptively reasonable period granted under the *Zadvydas* framework. *See Amom v. Carter*, 2025 WL 3267755, at *2 (D. Kan. Nov. 24, 2025) (Lungstrum, J.) (petitioner was not entitled to release despite having been detained more than six months since the removal period started because he had failed to cooperate with removal efforts). Moreover, these acts of refusal by petitioner undermine any argument that petitioner has been detained longer than needed to effectuate his removal.

Petitioner argues in his traverse that he should not be deemed to have refused to cooperate because he was merely attempting to consult with counsel first. Petitioner does not dispute respondents' evidence, however, that in September 2025 petitioner refused to sign application documents after consulting with counsel. Petitioner, through his traverse filed by counsel, has complained of a lack of access to legal counsel; but he has not provided any evidence or authority to support the argument that an alien should not be deemed to have refused to cooperate for the purpose of extending the removal period if the alien's refusal was based on the advice of counsel.[3]

Finally, even if the Court did not deem petitioner's statutory removal period to have been extended, it would nonetheless conclude that petitioner has not shown an entitlement to relief under the *Zadvydas* framework. Again, petitioner has been detained only slightly longer than the presumptively-reasonable period of six months, and respondents have documented numerous and ongoing attempts to obtain a travel document for petitioner (despite petitioner's refusal to cooperate with respect to any such applications). Accordingly, the Court concludes that petitioner has not met his burden to provide good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future, and the Court therefore denies the petition.[4]

---

[3] As noted above, petitioner has also complained in his briefs about an inability to obtain records from immigration officials concerning his case, but he has not requested any specific relief in that regard, nor has he shown that the lack of any particular records has hindered his ability to argue his claim under the *Zadvydas* standard.

[4] Of course, if petitioner's detention continues and becomes unreasonably definite under the applicable standard, petitioner is free to file a new petition seeking relief.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 19th day of December, 2025, in Kansas City, Kansas.

<u>/s/  John W. Lungstrum</u>
Hon. John W. Lungstrum
United States District Judge